**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| NETAIRUS SYSTEMS LLC,<br><br>Plaintiff,<br><br>*v.*<br><br>DAVID J. KAPPOS, Undersecretary of Commerce for Intellectual Property and Director of United States Patent and Trademark Office,<br><br>Defendant. | ) | Civil Action No. 1:12cv00709 (AJT/JFA) |

## ANSWER

Pursuant to Federal Rule of Civil Procedure 8, Defendant, through his undersigned counsel, hereby respectfully submits his answer to the complaint in the above-captioned matter.

## FIRST AFFIRMATIVE DEFENSE

The Patent Trial and Appeal Board (PTAB) of the United States Patent and Trademark Office (USPTO) correctly found that the invention claimed by Plaintiff in U.S. Application Number 11/023,361 ("'361 application") is unpatentable; specifically, that claims 19, 20, 22-24, and 28-37 are anticipated by Nakayama, U.S. Patent Number 5,280,583, per 35 U.S.C. § 102(e); that claim 17 is obvious in light of Nakayama and Black, U.S. Patent Number 4,942,540, per 35 U.S.C. § 103(a); that claim 27 is obvious in light of Nakayama and Bown, U.S. Patent Number 4,414,621, per 35 U.S.C. § 103(a); that claims 32 and 34-36 also are unpatentable because they lack an adequate written description for their claimed invention, per 35 U.S.C. § 112(a); and that claim 33 also is unpatentable because it is indefinite, per 35 U.S.C. § 112(b).

## SECOND AFFIRMATIVE DEFENSE

Section 145 of title 35, United States Code, does not provide Plaintiff the opportunity to present any new evidence relating to issues that were not presented to the PTAB.

## THIRD AFFIRMATIVE DEFENSE

Defendant reserves the right to supplement, amend, or modify the foregoing defenses and to assert additional defenses.

## ANSWER TO COMPLAINT

Defendant answers the allegations in the complaint's numbered paragraphs as follows:

1. The allegations contained within this paragraph constitute Plaintiff's characterization of his cause of action, to which no response is required.

## THE PARTIES

2. Defendant is without sufficient information to admit or deny the facts alleged within this paragraph regarding the legal nature or business address of Plaintiff. Defendant admits the facts alleged within this paragraph regarding the filing date and title of the '361 application, and admits that the copy of the '361 application attached to the complaint appears to be true and correct, but further notes that these allegations constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained within this paragraph are inconsistent with the administrative record, Defendant denies them.

3. Defendant admits that David Kappos is the Director of the USPTO.

## JURISDICTION AND VENUE

4. The allegations contained within this paragraph constitute conclusions of law regarding jurisdiction to which no response is required.

5. The allegations contained within this paragraph constitute conclusions of law regarding the nature of the court's authority under 35 U.S.C. § 145 to which no response is required.

6. The allegations contained within this paragraph constitute conclusions of law regarding venue to which no response is required.

**FACTS GIVING RISE TO THE COMPLAINT**

7. Defendant admits that the '361 application is directed to an invention in the field of computer data conferencing systems, but Defendant denies that the invention is "pioneering," to the extent such a characterization suggests that the '361 application claims an invention that satisfies the legal standards for patentability. The allegation that the invention is "pioneering" constitutes a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained within this paragraph are inconsistent with the administrative record, Defendant denies them.

8. Defendant admits that claims 17, 19, 20, 22-24, and 27-37 in the '361 application were rejected in a final Office Action on November 21, 2008, but notes that the allegations contained within this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained within this paragraph are inconsistent with the administrative record, Defendant denies them.

9. Defendant admits the allegations within this paragraph regarding the appeal of the final rejection of the '361 application and the PTAB's affirmance of the rejection and entry of new grounds of rejection, but notes that these allegations constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best

evidence of its contents. To the extent that the allegations contained within this paragraph are inconsistent with the administrative record, Defendant denies them.

10. Defendant admits that a request was made to the PTAB to rehear its decision regarding the ‘361 application, and that the PTAB declined to modify its prior decision, but notes that the allegations contained within this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations contained within this paragraph are inconsistent with the administrative record, Defendant denies them.

11. Defendant admits that Plaintiff is “dissatisfied” with the decision of the PTAB with respect to the ‘361 application within the meaning of 35 U.SC. § 145.

12. Defendant denies the allegations within this paragraph that the PTAB committed error in interpreting any claims in the ‘361 application, in interpreting the teachings of any prior art references, or in applying the governing patent law to the claims of the ‘361 application.

13. Defendant admits that Plaintiff’s complaint in the instant action was filed within the time limit specified in 35 U.S.C. § 145.

14. Defendant is without sufficient information to admit or deny the facts alleged within this paragraph regarding whether an appeal has been filed in the United States Court of Appeals for the Federal Circuit with respect to the ‘361 application.

Plaintiff’s final unnumbered paragraphs, designated as A, B, and C, constitute a prayer for relief, to which no response is required.

## PRAYER FOR RELIEF

Defendant denies each and every allegation not previously admitted or otherwise qualified and denies that Plaintiff is entitled to any of the relief set forth in Plaintiff’s Complaint following the “WHEREFORE” clause.

WHEREFORE, Defendant, prays that the Court:

1. Enter judgment in Defendant's favor or dismiss the Complaint against Defendant with prejudice;

2. Grant Defendant all reasonable expenses incurred in defending this action under 35 U.S.C. § 145; and

3. Grant Defendant such and other further relief as the Court may deem just and proper.

Respectfully submitted,

NEIL H. MACBRIDE
UNITED STATES ATTORNEY

*By*: /s/
Yiris E. Cornwall
Assistant United States Attorney
Justin W. Williams U. S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3766 (direct)
(703) 299-3983 (fax)
Yiris.Cornwall@usdoj.gov
*Attorney for Defendant*

DATED: December 17, 2012

OF COUNSEL: Raymond Chen
Solicitor

Joseph Matal
Sydney Johnson
Associate Solicitors

United States Patent and Trademark Office
P.O. Box 1450, Mail Stop 8 - Office of the Solicitor
Alexandria, VA 22313-1450

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 17, 2012, I will file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

Mary Catherine Zinsner
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA 22102
mary.zinsner@tourtmansanders.com
mohsin.reza@troutmansanders.com
nicola.harrison@troutmansanders.com

Michael B. Hurd
Hovey Williams LLP
10801 Mastin Blvd.
Overland Park, KS 66210
mhurd@hoveywilliams.com

*Counsel for Plaintiff*

/s/
Yiris E. Cornwall
Assistant United States Attorney
Justin W. Williams U. S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3766 (direct)
(703) 299-3983 (fax)
Yiris.Cornwall@usdoj.gov
*Attorney for Defendant*